UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IBRAHIM DONMEZ,

                Plaintiff,

        -against-

NYC DEPARTMENT OF CONSUMER
AFFAIRS, *et al.*,

               Defendants.

20-CV-5586 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff Ibrahim Donmez, who is appearing *pro se*, filed this 2,135-page submission, which includes (1) a notice of removal to remove to this Court an action purportedly pending in the Midtown Community Court, *see New York v. Donmez*, No. 2016SC011016; and (2) a new civil action raising claims arising out of this state-court action. By order dated September 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

    For the reasons set forth below, the Court grants Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

---

[1] Plaintiff did not initially file an application to proceed IFP, and the Court directed him to do so. (ECF No. 4.)

2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who was a pedicab driver in New York City, brings this complaint asserting claims arising out of his alleged violations in 2016 of New York City traffic laws while operating his pedicab. His pleading includes a notice of removal and a complaint. In the notice of removal, he states that he seeks to remove to this Court the proceeding at the Midtown Community Court addressing his 2016 traffic violations.

In the complaint, Plaintiff asserts constitutional claims arising out of the 2016 violations and more recent interactions with New York City government actors. He names as defendants: New York City (NYC) and New York State, as well as departments of both, including: (1) NYC Department of Consumer Affairs (Consumer Affairs); (2) NYC Department of Parks & Recreation (Parks Department); (3) NYC Police Department (NYPD); (4) NYC Office of Administrative Trials & Hearings (OATH);  and (4) New York State Department of Motor Vehicles (DMV). Plaintiff also names as individual defendants: (1) NYC Parks Department Officers Asha Harris and Henderson; (2) NYPD Officer Oceline; (3) NYC Deputy Counsel Sanford Cohen, a government lawyer who represented New York City during proceedings at the Midtown Community Court; (4) New York State Judge Charlotte Davidson, a judge who presided over proceedings at the Midtown Community Court; and (5) NYPD and Parks Department John Doe Officers.

Plaintiff previously filed in this Court a civil action, which was initiated on August 15, 2016, where he sought to remove his state-court action at Midtown Community Court and challenged the suspension of his pedicab license. *See Donmez v. City of New York*, ECF 1:16-CV-

6458, 2 (S.D.N.Y. Dec. 16, 2016). The Court (1) dismissed for lack of standing those claims Plaintiff attempted to bring on behalf of other pedicab drivers; (2) held that the request for removal was improper because the submission failed to comply with the removal statute; (3) dismissed for failure to state a claim Plaintiff's federal constitutional due process claims challenging the suspension of his license; and (4) under *Younger v. Harris*, 401 U.S. 37 (1971), declined to intervene in the state-court matter.

## DISCUSSION

**A.     Plaintiff's Notice of Removal**

Plaintiff has filed a notice of removal regarding a 2016 proceeding at the Midtown Community Court. Plaintiff previously filed a civil action, in which he also requested to remove this action, but because he had failed to file a notice of removal, the action was not removed. *See Donmez*, No. 16-CV-6458. In any event, it appears that this state-court action is closed, as the last event Plaintiff describes related to those proceedings occurred on June 16, 2017, when Defendant Judge Davidson issued a warrant for Plaintiff's arrest. (*See* ECF No. 1, at 302.) If the state-court action is closed, this Court does not have subject-matter jurisdiction over the action and will remand it to the Midtown Community Court. *See Kenmore Assocs., L.P. v. Burke*, 367 F. App'x 168, 169 (2d Cir. 2010) (after finding that "the district court correctly determined that it lacked subject matter jurisdiction over [a] case" where final judgment had been entered, holding that the proper course for the district court is remand).

The Court therefore grants Plaintiff 30 days' leave to amend his notice of removal to state facts showing that the proceeding at Midtown Community Court is pending. The notice of removal must comply with the removal statute, which states that

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing **a**

>**short and plain statement of the grounds for removal**, together with a copy of **all process, pleadings, and orders served upon such defendant** or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). The Court therefore directs Plaintiff to submit a short and plain statement no longer than 10 pages and all pleadings and orders served upon him in the Midtown Community Court.

**B.     The Court construes the complaint as asserting claims under 42 U.S.C. § 1983**

Because Plaintiff alleges that individuals who work for the New York City government violated his rights, the Court construes his complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**C.     Plaintiff names Defendants who cannot be sued or are immune from suit under 42 U.S.C. § 1983.**

   **1.     New York City Departments**

New York City Departments are not entities that can be sued in their own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The Court therefore dismisses from this action Consumer Affairs, the Parks Department, the NYPD, and OATH for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

   **2.     State Defendants**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore bars Plaintiff's § 1983 claims against New York State and the DMV from proceeding in federal court, and the Court dismisses Plaintiff's claims against these defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Judge Charlotte Davidson arise of out of her rulings and actions while presiding over Plaintiff's Midtown Community Court proceedings; such rulings and actions were within the scope of her judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Judge Davidson under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

### 4. Government Attorney

"As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This general principle has been expanded to include "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits—including the defense of such actions." Id. (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against NYC Deputy Counsel Sanford Cohen are based on actions within the scope of this government attorney's official duties and associated with the judicial process and conduct of litigation. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

**D.      Plaintiff is precluded from bringing claims previously raised in his prior action, or claims that could have been raised in that action**

In Plaintiff's prior federal lawsuit, filed on August 15, 2016, he raised many of the same claims raised here. He is therefore barred from raising those claims, as well as any claims he could have raised, in this lawsuit.

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018).

The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Here, claim preclusion applies. In Plaintiff's prior lawsuit (16-CV-6458), the Court considered Plaintiff's claims – arising out of his July 14, 2016 summonses for violating municipal codes related to his driving his pedicab – on the merits and dismissed the action. In both lawsuits, Plaintiff names the City of New York and New York City actors, arguing that these parties were responsible for violating his rights.[2] As this Court has already addressed Plaintiff's 2016 violation claims on the merits, he is barred under the doctrine of claim preclusion from relitigating those claims *and* from litigating any new claims that arise out of the 2016 violations. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) ("A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." (internal quotation marks and citation omitted)). Thus, the Court dismisses under the doctrine of

---

[2] In both suits, Plaintiff named as defendants the City of New York and the NYPD. In the prior lawsuit, Plaintiff also named Mayor Bill de Blasio, former Commissioner of the NYPD, William Bratton, and John Doe NYPD officers.

claim preclusion all claims arising out of Plaintiff's 2016 violations that occurred on or before August 15, 2016.

E. **The Court grants Plaintiff leave to file an amended complaint to bring claims that arose after August 15, 2016 and that complies with Rule 8 of the Federal Rules of Civil Procedure**

The Court's "special solicitude" for *pro se* pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be overly lengthy or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Generally, district courts must construe *pro se* complaints liberally, but "even a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014).

Plaintiff fails to make a short and plain statement showing that he is entitled to relief for any claim that arose after August 15, 2016. Rather, he submits a 2,135-page submission, apparently expecting the Court "to sift through" it to find Plaintiff's claims. *Carmel*, 32 F. Supp. 3d at 436. In recognition of the "special solicitude" afforded *pro se* litigants, the Court grants Plaintiff 30 days' leave to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The amended complaint must contain a short and plain statement showing that he is entitled to relief and may not contain claims disposed of in this order, that is, any claim arising out of Plaintiff's July 2016 violations and that occurred on or before August 15, 2016.  **Plaintiff's amended complaint must be limited to 20 pages.** The Court strongly

encourages Plaintiff to use the Court's amended complaint form. Should Plaintiff file an amended complaint, **it will completely replace his original complaint**.

F.     **Pro Bono Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Court dismisses from the action the New York City Department of Consumer Affairs, the New York City Department of Parks & Recreation, the New York City Police Department, the New York City Office of Administrative Trials & Hearings, the New York State Department of Motor Vehicles, the City of New York, the State of New York, Judge Charlotte Davidson, and NYC Deputy Counsel Sanford Cohen, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court grants Plaintiff leave to file an amended notice of removal that complies with the standards set forth above. **Plaintiff's amended notice of removal must be limited to 10 pages.**

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5586 (LLS). An Amended Complaint form is attached to this order. **Plaintiff's amended complaint must be limited to 20**

**pages.** No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's application requesting the appointment of counsel (ECF No. 9.) is denied without prejudice to renewal at a later stage. All other motions should be terminated.

Plaintiff has consented to electronic service. (ECF No. 7.)

SO ORDERED.

Dated:   October 5, 2020
         New York, New York

                                                       *Louis L. Stanton*
                                                       Louis L. Stanton
                                                           U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

_____

_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
            (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                    State              Zip Code

_____

Telephone Number           Email Address (if available)

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State             Zip Code

Defendant 2: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State             Zip Code

Defendant 3: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State             Zip Code

Defendant 4: _____

    First Name               Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

Page 6

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____          _____
First Name          Middle Initial          Last Name

_____
Street Address

_____          _____
County, City                       State                       Zip Code

_____          _____
Telephone Number                                        Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.