UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IBRAHIM DOMNEZ,

                    Plaintiff,

        -against-

NYC DEPARTMENT OF
CONSUMER AFFAIRS, et al.,

                    Defendants.

20-CV-5586 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On July 20, 2020, Plaintiff, who is proceeding *pro se*, filed a 2,135-page submission that included a notice of removal, removing to this court a state-court proceeding, and a new civil action raising claims arising out of the state court proceeding he removed, other state court proceedings, and conduct on the part of the City of New York regarding its rules and regulations affecting pedicab drivers. Plaintiff did not pay the filing fees or submit an application to proceed *in forma pauperis* ("IFP").

On August 13, 2020, the Honorable Louis L. Stanton, the assigned judge, directed Plaintiff to pay the filing fees or submit an IFP application. Plaintiff submitted an IFP application, which the Honorable Colleen McMahon, acting in her capacity as Chief Judge, granted on September 29, 2020.

On October 5, 2020, Judge Stanton granted Plaintiff leave to file an amended notice of removal, limited to 10 pages, and an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure, limited to 20 pages. Judge Stanton instructed Plaintiff to limit his claims to events regarding his pedicab license that occurred after August 15, 2016, because Plaintiff had filed a prior action regarding the same claims, *see Domnez v. City of New York*, ECF 1:16-CV-6458, 2 (S.D.N.Y. Dec. 16, 2016), and as such, Judge Stanton had determined that in

this proceeding, Plaintiff was precluded from raising claims that he had raised, or could have

raised, in the action under case number 16-CV-6458, (*see* ECF 13).

On October 23, 2020, Plaintiff requested modification of the October 5, 2020, order;

Judge Stanton denied the request on November 6, 2020. Plaintiff filed a notice of appeal on

November 9, 2020, followed by four additional motions. On January 7, 2021, Judge Stanton

denied those motions, noted that the notice of appeal was premature, and granted Plaintiff an

additional 14 days to file an amended complaint. On January 14, 2021, Plaintiff appealed Judge

Stanton's January 7, 2021 order. On January 28, 2021, Judge Stanton dismissed the action, with

30 days' leave to reopen the action.

On July 14, 2021, the United States Court of Appeals for the Second Circuit dismissed

Plaintiff's appeals because they lacked an arguable basis in law or fact. (ECF 25) (mandate

issued on Oct. 21, 2021). Nearly 20 months after this action was dismissed by Judge Stanton, on

September 19, 2022, Plaintiff filed a 140-page amended complaint. Plaintiff also submitted

payment for the filing fees in the amount of $402.00 twice, first by submitting a personal check

and then by submitting a money order. On October 18, 2022, the action was reassigned to the

undersigned's docket.

## DISCUSSION

The Court construes the amended complaint as including a request to reopen this action,

and denies that request because the amended submission does not comply with Rule 8 of the

Federal Rules of Civil Procedure and asserts claims that are barred under the doctrine of claim

preclusion. The amended complaint primarily concerns events that occurred before August 16,

2016. As noted above, Judge Stanton had placed a 20-page limit on any amended pleading to

ensure that Plaintiff stated facts only in support of claims not precluded by Plaintiff's prior

litigation. Plaintiff has now filed a 140-page amended complaint, in which he discusses in detail his state-court proceedings, state legislative action regarding pedicab licensing, and several interactions he had with New York City officials prior to August 16, 2016. While Plaintiff does refer to one incident that occurred on June 26, 2017, the pleading otherwise asserts claims that are precluded. Thus, the Court denies Plaintiff's request to reopen this action.

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding the June 26, 2017, incident, the Court grants Plaintiff 30 days' leave to file a request to reopen the action and to attach a proposed amended complaint, not to exceed 20 pages, alleging facts in support of his claim that his rights were violated on June 26, 2017.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to file a request to reopen this action and to attach a proposed amended pleading that complies with the standards set forth above, including limiting the pleading to no more than 20 pages. No summons shall issue at this time. If Plaintiff complies with this order, the action will be reopened and processed in accordance with the procedures of the Clerk's Office.

The Court directs the Finance Unit to return Plaintiff's two payments – the personal check and the money order.

The action remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 18, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge